14 CV 7457

JUDGE SCHOFIELD

OUTTEN & GOLDEN LLP
Rachel Bien
Melissa L. Stewart
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000



RECEIVED
SEP 15 2014
U.S.D.C. S.D. N.Y.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MARGARET McGREEVY, individually and on
behalf of all others similarly situated,

        Plaintiff,

    v.

LIFE ALERT EMERGENCY RESPONSE,
INC.,

        Defendant.

---

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

**Jury Trial Demanded**

---

    Plaintiff Margaret McGreevy ("McGreevy"), individually and on behalf of all others similarly situated, by her attorneys Outten and Golden LLP, alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

    1.    Life Alert Emergency Response, Inc. ("Life Alert") is a nationwide company that provides safety, home security, and emergency protection services to the elderly and disabled.

    2.    Life Alert operates its nationwide business from its headquarters in Encino, California, and from seven local offices, in El Segundo, California; New York, New York; East Brunswick, New Jersey; Ft. Lauderdale, Florida; Tampa, Florida; Miami, Florida; and Atlanta, Georgia.

    3.    Life Alert markets its products and services to senior citizens and their families. The company obtains sales leads generated by advertisements, and relies on inside salespeople

employed at each of its offices to contact these potential customers and sell its products.

4.     Although these salespeople, including Plaintiff McGreevy, work in Life Alert's offices and are subject to its control, Life Alert has classified them as "independent contractors" outside the protections of the federal Fair Labor Standards Act ("FLSA") and state wage and hour laws.  As a result, Life Alert has denied its salespeople the right to be paid minimum wages for all hours worked, and the right to be paid overtime for hours worked over 40 in a workweek.

5.     Plaintiff McGreevy brings this action on behalf of herself and similarly situated current and former Life Alert salespeople who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically, its collective action provision, 29 U.S.C. § 216(b), for unpaid minimum wages and overtime.

6.     Plaintiff McGreevy also brings this action on behalf of herself and all similarly situated current and former Life Alert salespeople who worked in New York, pursuant to Federal Rule of Civil Procedure 23, to remedy violations for unpaid minimum wages and overtime, improper deductions, and failure to provide accurate notice and wage statements, pursuant to the New York Labor Law ("NYLL"), Article 6, §§ 190, *et seq.*, Article 19 §§ 650, *et seq.*, and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331, 1332, and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.     Plaintiff's state law claims are so closely related to her claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

9.      This Court also has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

**Plaintiff**

**Margaret McGreevy**

12.     Plaintiff Margaret McGreevy is an adult individual and a resident of Richmond Hill, New York.

13.     McGreevy worked for Life Alert as a salesperson at Life Alert's New York office, located at 475 Park Avenue South, 9th Floor, New York, New York 10016, from approximately October 19, 2012 through approximately March 14, 2013.

14.     McGreevy typically worked between approximately 35 and 44 hours per week for Life Alert's benefit.

15.     McGreevy was not paid the minimum wage for all hours worked, and was not paid overtime for all of the hours she worked over 40 in a workweek.

16.     During many workweeks, Life Alert did not pay McGreevy any wages because it paid her on a commission basis and she did not earn any commissions on those weeks.

17.     For example, during the first three weeks of her employment, Life Alert did not pay McGreevy any wages.

18.    During the pay period covering January 19, 2013 through February 1, 2013, Life Alert paid McGreevy $55.00, much less than the minimum wage for the approximately 80 hours she worked.

19.    According to McGreevy's IRS Form 1099, which Life Alert issued to her in 2013, McGreevy earned just $1,295.00 for the entire two and a half month period she worked at Life Alert in 2012.

20.    McGreevy is a covered employee within the meaning of the FLSA and the NYLL.

21.    McGreevy's written consent to join this action is attached as Exhibit A.

**Defendant**

**Life Alert**

22.    Life Alert is a foreign business corporation with its corporate headquarters and principal place of business located at 16027 Ventura Boulevard, Encino, California 91436.

23.    Life Alert operates out of local offices in California, New York, New Jersey, Florida, and Georgia.

24.    Life Alert employed Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL.

25.    Life Alert has had substantial control over the working conditions of Plaintiff and similarly situated workers, and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

26.    Life Alert controlled Plaintiff's and similarly situated employees' terms and conditions of employment by determining their compensation; assigning them sales leads; prohibiting them from generating their own leads; requiring them to work from work stations at Life Alert office locations; and setting and/or enforcing rules governing communications with

potential customers.

27.     Life Alert is a covered employer within the meaning of the FLSA and NYLL.

28.     On information and belief, Life Alert's annual gross volume of sales made or business done is not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff brings the first and second Causes of Action, FLSA minimum wage and overtime claims, on behalf of herself and all similarly situated persons who work or have worked as salespeople for Life Alert between September 15, 2011, and the date of final judgment, who did not receive the minimum wage for all hours worked and/or overtime for all hours worked over 40 in a workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

30.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Life Alert, and/or Life Alert has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

31.     As part of its regular business practice, Life Alert has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

        a.      Willfully misclassifying Plaintiff and the FLSA Collective as independent contractors;

        b.      Willfully failing to pay Plaintiff and the FLSA Collective the minimum wage for all hours worked;

        c.      Willfully failing to pay Plaintiff and the FLSA Collective overtime for

hours that they worked in excess of 40 hours per workweek; and

       d.     Willfully failing to record all of the time that Plaintiff and the FLSA Collective have worked for the benefit of Life Alert.

32.     Life Alert is aware or should have been aware that federal and state law required it to pay Plaintiff and the FLSA Collective the minimum wage for all hours worked, and to pay an overtime premium for hours worked in excess of 40 per workweek.

33.     Life Alert's conduct has been widespread, repeated, and consistent.

34.     Life Alert's deceptive conduct prevented Plaintiff and the FLSA Collective from discovering or asserting their claims earlier than they did. Life Alert did so by, *inter alia*, leading Plaintiff and the FLSA Collective to believe that they were independent contractors and not employees.

35.     Life Alert is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the FLSA Collective. Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid by Life Alert in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Life Alert, are readily identifiable, and can be located through Life Alert's records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings the third, fourth, fifth, sixth, and seventh Causes of Action, NYLL claims, on behalf of herself and a class of persons who work or have worked as salespeople for Life Alert in New York between September 15, 2008, and the date of final judgment, who did

6

not receive the minimum wage for all hours worked and/or overtime for all hours worked over 40 in a workweek ("New York Class").

37.     The persons in the New York Class are so numerous that joinder of all members is impracticable.

38.     Although the precise number of such persons is unknown, the facts on which the calculation of that number depends are presently within the sole control of Life Alert.

39.     Upon information and belief, the New York Class consists of more than 75 members.

40.     Plaintiff will fairly and adequately protect the interests of the New York Class.

41.     Life Alert has acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

42.     Common questions of law and fact exist as to the New York Class and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

          a.     Whether Life Alert misclassified Plaintiff and the New York Class as independent contractors;

          b.     Whether Life Alert failed to pay Plaintiff and the New York Class the minimum wage for all hours they worked for its benefit;

          c.     Whether Life Alert failed to pay Plaintiff and the New York Class overtime for hours worked over 40 in a workweek;

          d.     Whether Life Alert failed to keep true and accurate time records for all hours worked by Plaintiff and the New York Class;

e.        Whether Life Alert made improper deductions from the wages earned by Plaintiff and the New York Class;

f.        Whether Life Alert failed to provide proper notice and wage statements to Plaintiff and the New York Class; and

g.        The nature and extent of class-wide injury and the measure of damages for those injuries.

43.     Plaintiff's claims are typical of the claims of the New York Class she seeks to represent.  Plaintiff and the New York Class work or have worked for Life Alert as salespeople and have not been compensated for all the hours they worked.  Plaintiff and the New York Class have all sustained similar types of damages as a result of Life Alert's failure to comply with the NYLL.

44.     Plaintiff will fairly and adequately represent and protect the interests of the New York Class.  Plaintiff has retained counsel competent and experienced in complex class actions and wage and hour litigation.

45.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New York Class have been damaged and are entitled to recovery as a result of Life Alert's common and uniform policies and procedures.  Although the relative damages suffered by individual New York Class Members are not *de minimis*, such damages are small as compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent

judgments against Life Alert's practices.

## COMMON FACTUAL ALLEGATIONS

46.     Plaintiff and the members of the New York Class and FLSA Collective (collectively, "Class Members") have been victims of a common policy and plan perpetrated by Life Alert that has violated their rights under the FLSA and NYLL by denying them wages they are owed.

47.     Plaintiff and Class Members were hired by Life Alert to sell its medical alert systems to potential customers, known as "leads," that Life Alert generated through its advertisements and outreach.

48.     Life Alert classified Plaintiff and the Class as independent contractors.

49.     Life Alert does not require potential salespeople to have prior sales experience.

50.     Life Alert does not require its salespeople to make any capital investment in order to sell its products.

51.     Life Alert does not require salespeople to provide their own tools or other work materials.

52.     In job postings for the sales position, Life Alert describes the position as a "commission only" or "straight commission" position.

53.     Life Alert also advertises that its sales positions are "1099" or "independent contractor" positions.

54.     Life Alert advertises that the sales positions require no "cold calling" because all leads are provided by the company.

55.     Life Alert required Plaintiff and Class Members to undergo a training course, including classroom instruction and practicing making sales calls.

56.    Life Alert distributed a call script for sales people to use when contacting leads.

57.    Life Alert also distributed a chart to Plaintiff and Class Members describing the company's various products and subscription services, and a commission payment structure corresponding to the sale of these products and services.

58.    After training, Plaintiff and Class Members were assigned to a work station at one of Life Alert's local offices.

59.    Plaintiff and Class Members did not perform their sales work outside of Life Alert's offices.

60.    Life Alert provided Plaintiff and Class Members with leads to contact.

61.    Each lead was assigned to a salesperson for a specified period of time.

62.    Plaintiff and Class Members called leads to sell Life Alert's products and services.

63.    Life Alert required Plaintiff and Class Members to record call notes on the lead cards they were assigned.

64.    When Plaintiff and Class Members made a sale, Life Alert required them to fill out three forms noting the subscriber's relevant information, the products and services selected by the subscriber, and the subscriber's basic medical information.

65.    Life Alert then followed up with the customer to coordinate the installation and activation of the customer's new Life Alert products and systems.

66.    Life Alert agreed to pay Plaintiff and Class Members a commission for each person whom they contacted who agreed to purchase a Life Alert product.

67.    Life Alert deducted the cost of installing certain Life Alert products from the commissions that Plaintiff and/or Class Members earned.

68.     Life Alert also made other deductions from the commissions that Plaintiff and/or Class Members earned.

69.     For example, Life Alert deducted $15.00 from the commissions that Plaintiff earned on February 8, 2013.

70.     Life Alert did not pay Plaintiff and Class Members compensation other than sales commissions.

71.     During weeks when Plaintiff and/or Class Members did not earn any commissions, Life Alert did not pay them any wages.

72.     As a result of these policies, Plaintiff and Class Members' compensation often fell below than the minimum wage mandated by federal and state law.

73.     In addition, Life Alert failed to pay overtime compensation at a rate of one and one-half times Plaintiff and Class Members' regular rate of pay for hours Plaintiff and Class Members worked over 40 in a workweek.

74.     Life Alert failed to provide Plaintiff and Class Members with accurate wage notices and wage statements, setting forth their rate or rates of pay and the basis thereof.

<u>**FIRST CAUSE OF ACTION**</u>
**Fair Labor Standards Act – Unpaid Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

75.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76.     Life Alert failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

77.     Life Alert has engaged in a widespread policy, pattern, and practice of violating the FLSA, as detailed in this Class and Collective Action Complaint.

78.     At all times relevant, Plaintiff and the FLSA Collective were engaged in commerce and/or production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

79.     At all times relevant, Plaintiff and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

80.     At all times relevant, Life Alert has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

81.     Life Alert was required to pay Plaintiff and the FLSA Collective the applicable minimum wage for all work performed from September 15, 2011, to the present.

82.     As a result of Life Alert's violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

83.     Life Alert's unlawful conduct, as described in this Complaint, has been intentional and willful.  Life Alert was aware or should have been aware that the practices described in this Complaint were unlawful.  Life Alert has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

84.     Because Life Alert's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Overtime
### (Brought on behalf of Plaintiff and the FLSA Collective)

85.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86.     The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Life Alert and protect Plaintiff and the FLSA Collective.

87.     Life Alert has failed to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of 40 hours in a workweek.

88.     As a result of Life Alert's unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## THIRD CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Minimum Wages
### (Brought on behalf of Plaintiff and the New York Class)

89.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90.     Life Alert failed to pay Plaintiff and the New York Class Members the minimum wages to which they are entitled under the NYLL.

91.     Life Alert has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

92.     At all times relevant, Plaintiff and the New York Class have been employees and Life Alert has been an employer within the meaning of the NYLL and the supporting New York State Department of Labor regulations.

93.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Life Alert and protect the Plaintiff and the New York Class.

94.    Life Alert was required to pay Plaintiff and the New York Class a minimum wage rate of (a) $7.25 for work performed from September 15, 2011, through December 30, 2013; and (b) $8.00 for work performed from December 31, 2013, through the present, under NYLL § 652 and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.2.

95.    Life Alert failed to pay Plaintiff and the New York Class the minimum hourly wages to which they are entitled under NYLL and the supporting New York State Department of Labor regulations.

96.    By Life Alert's knowing or intentional failure to pay Plaintiff and the New York Class minimum hourly wages, they have willfully violated NYLL Article 19, §§ 650, *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.2.

97.    Due to Life Alert's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Life Alert their unpaid wages, reasonable attorneys' fees, costs, liquidated damages as provided for by NYLL Article 6 § 198, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime
### (Brought on behalf of Plaintiff and the New York Class)

98.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

99.    The overtime provisions of Article 19 of the NYLL and its supporting regulations apply to Life Alert and protect Plaintiff and the New York Class.

100.    Life Alert has failed to pay Plaintiff and the New York Class the overtime to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

101.    By Life Alert's knowing or intentional failure to pay Plaintiff and the New York Class overtime for hours worked in excess of 40 per week, it has willfully violated the NYLL Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor regulations.

102.    Due to Life Alert's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Life Alert their unpaid overtime, reasonable attorneys' fees, costs, liquidated damages as provided for by NYLL Article 6 § 198, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Improper Deductions
### (Brought on behalf of Plaintiff and the New York Class)

103.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

104.    The wage payment provisions of Article 6 of the NYLL apply to Life Alert and protect Plaintiff and the New York Class.

105.    Life Alert failed to pay Plaintiff and the New York Class the full amount of commissions earned, by making improper deductions from commissions Plaintiff and the New York Class had earned.

106.    Through their knowing and intentional failure to pay Plaintiff and the New York Class the full commissions they had earned, Life Alert willfully violated the NYLL, Article 6, §§

15

190, *et seq*., and the supporting New York State Department of Labor Regulations.

107.    Due to Life Alert's willful violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Life Alert their unpaid commissions, liquidated damages as provided for by the NYLL, Article 6 § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Notice
### (Brought on behalf of Plaintiff and the New York Class)

108.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

109.    Life Alert has willfully failed to supply Plaintiff and the New York Class with accurate wage notices, as required by NYLL, Article 6, § 195(1), containing Plaintiff and the New York Class's rate or rates of pay and the basis thereof, and overtime rate or rates of pay.

110.    Life Alert's unlawful conduct as described in this Complaint has been willful. Life Alert was aware or should have been aware that the practices described in this Complaint were unlawful.

111.    Due to Life Alert's willful violations of the NYLL, Article 6, § 195(1), Plaintiff and the New York Class are entitled to statutory penalties of fifty dollars for each workweek that Life Alert failed to provide them with wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Wage Statements
### (Brought on behalf of Plaintiff and the New York Class)

112.    Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

113.     Life Alert has willfully failed to supply Plaintiff and the New York Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the regular rate or rates of pay and the basis thereof, overtime rate or rates of pay, and the number of hours worked, including overtime hours.

114.     Life Alert's unlawful conduct, as described in this Complaint, has been willful. Life Alert was aware or should have been aware that the practices described in this Complaint were unlawful.

115.     Due to Life Alert's willful violations of the NYLL, Article 6, § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of one hundred dollars for each workweek that Life Alert failed to provide each of them with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above).  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked, and overtime for all hours worked over 40 in a workweek;

B.     Unpaid minimum wages and overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, *et seq*., and the supporting United States

Department of Labor regulations;

  C.  Certification of this case as a class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure;

  D.  Designation of Plaintiff as a Class Representative and counsel of record as Class

Counsel;

  E.  Issuance of a declaratory judgment that the practices complained of in this

Complaint are unlawful under the FLSA and NYLL;

  F.  An injunction requiring Life Alert to pay all statutory-required wages pursuant to

the FLSA and NYLL;

  G.  Unpaid minimum wages, overtime, and liquidated damages under the NYLL;

  H.  Reimbursement of improper deductions and liquidated damages under the NYLL;

  I.  Statutory notice and wage statement payments pursuant to the NYLL;

  J.  Appropriate statutory penalties;

  K.  Pre- and post-judgment interest;

  L.  Attorneys' fees and costs of this action;

  M.  A reasonable incentive award for the named Plaintiff to compensate her for the

time she spent attempting to recover wages for Class Members and for the risks she took in

doing so; and

  N.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
        September 15, 2014

                          Respectfully submitted,

                          *Rachel B*
                          Rachel Bien

                          **OUTTEN & GOLDEN LLP**
                          Rachel Bien
                          Melissa L. Stewart
                          3 Park Avenue, 29th Floor
                          New York, New York 10016
                          Telephone:  (212) 245-1000

                          *Attorneys for Plaintiff and the Putative Class and Collective*

# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MARGARET McGREEVY, on behalf of herself and all others similarly situated,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**LIFE ALERT EMERGENCY RESPONSE, INC.,**<br><br>    **Defendant.** | **CONSENT TO JOIN** |

1.    I consent to be a party plaintiff in a lawsuit against Life Alert Emergency Response, Inc. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    By signing and returning this consent form, I designate Outten & Golden LLP ("O&G") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that O&G will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3.    I also consent to join any separate or subsequent action to assert my claim against Life Alert Emergency Response, Inc. and/or related entities and individuals potentially liable.

*Margaret McGreevy*
Signature

*Margaret McGreevy*
Full Legal Name (print)

REDACTED

*Richmond Hill, NY 11418*
City, State and Zip Code

REDACTED