IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARGARET McGREEVY, GERALD J. JACOBY, and ELAINE DANIELLE ANDERSON, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>LIFE ALERT EMERGENCY RESPONSE, INC.,<br><br>      Defendant. | No. 14 Civ. 7457 (LGS) (MHD) |

**DECLARATION OF MELISSA L. STEWART IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT AND PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND APPROVAL OF SERVICE PAYMENTS**

  I, Melissa L. Stewart, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

  1. I am an associate at Outten & Golden LLP ("O&G") in New York, New York, class counsel herein. O&G is a 50+ attorney firm that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class action litigation, as well as contract and severance negotiations.

  2. I am one of the lawyers primarily responsible for prosecuting Plaintiffs' claims on behalf of the class.

  3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Background and Experience of Attorneys and Paralegals**

4.      Prior to joining the firm in November 2013, I clerked for the Honorable James Orenstein of the United States District Court for the Eastern District of New York and the Honorable Dickinson R. Debevoise of the United States District Court for the District of New Jersey.  I also worked as an associate at Woodley & McGillivary in Washington, D.C., where I litigated class wage and hour cases.

5.      I received a B.A., *magna cum laude*, in Comparative Literature and Hispanic Studies from the University of Pennsylvania and a J.D., *magna cum laude*, from Fordham University School of Law in 2009.  I am active in the American Bar Association where I am a member of the Section on Labor and Employment Law.  I am also a member of the National Employment Lawyers Association (NELA), NELA – New York Chapter, the New York City Bar Association, and the Federal Bar Council.

6.      Rachel Bien is a partner at O&G and co-Chair of the firm's Class Action Practice Group.  She joined O&G in October 2006 after a clerkship on the U.S. Court of Appeals for the Ninth Circuit.  She earned her B.A. from Brown University in 2000 and her J.D., *cum laude*, from Brooklyn Law School in 2005, where she also received an Edward V. Sparer Public Interest Law Fellowship.  Ms. Bien is active in the American Bar Association's Section on Labor and Employment Law.  Ms. Bien speaks frequently on wage and hour topics and other issues affecting low-wage workers.

7.      Chauniqua D. Young is an associate at O&G.  Prior to joining the firm in September 2014, she was a Bertha Justice Fellow at the Center for Constitutional Rights, where she litigated class action cases on a range of civil rights issues.  Ms. Young received her B.A. in Liberal Arts from Sarah Lawrence College and her J.D. from Benjamin N. Cardozo School of

Law in 2012.  Ms. Young is active in the New York City Bar Association where she currently serves on the Civil Rights Committee.

8. Rebecca Sobie is a staff attorney at O&G.  Prior to joining the firm in 2014, Ms. Sobie was Of Counsel at the Genie Harrison Law Firm.  She received a B.A. in Sociology and Social Sciences and Communication from the University of Southern California, and her J.D. from Pace University School of Law in 1995.

9. LiAnne Chan is a paralegal at O&G.  Prior to joining the firm in 2014, she worked as a paralegal with Steven T. Gee, P.C.  Ms. Chan received her B.S. in Finance from St. John's University.

10. Neesa Rajkumar is a paralegal at O&G.  Prior to joining the firm in 2015, she interned at the Equal Employment Opportunities Commission.  Ms. Rajkumar is currently pursuing a B.A. in Political Science and Philosophy at the John Jay College of Criminal Justice.

11. Class counsel has substantial experience prosecuting large-scale wage and hour class and collective actions, in particular, misclassification cases like this one.

12. Courts have repeatedly found O&G to be adequate class counsel in wage and hour class actions.  *See, e.g.*, *Flores v. Anjost Corp.*, No. 11 Civ. 1531, 2014 WL 321831, at *3 (S.D.N.Y. Jan. 29, 2014) (O&G attorneys "have substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed in wage and hour law and class action law") (internal quotation marks and citation omitted); *Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 1656920, at *2 (S.D.N.Y. May 9, 2012) (appointing O&G as class counsel and noting that O&G attorneys "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law").

**Claims Administration**

13. The parties retained Rust Consulting, Inc. ("Rust"), a third-party claims administrator, to administer the settlement.

14. Both before the notice issued and throughout the notice process, class counsel communicated regularly with the claims administrator to oversee the administration process and responded to numerous inquiries from class members.

15. Class counsel anticipates that additional time will be spent administering the settlement in the future. In class counsel's experience, overseeing the final steps of the settlement process requires an ongoing commitment.

16. Plaintiffs' counsel believes that Rust's estimated expenses of $30,000 to complete the settlement administration tasks are reasonable, given the size of the class and the services required.

17. A true and correct copy of the Declaration of Bruce Holman, who oversaw the administration of the settlement at Rust, is attached as **Exhibit G**.

18. A true and correct copy of the Class Notice is attached as **Exhibit B**.

**Settlement Agreement and Payments**

19. Attached as **Exhibit A** is a copy of the Settlement Agreement.

20. The average settlement payment is $1,499 per FLSA class member, $2,136 New York class member, and $1,711 per Florida class member. Payments range from $23 to $6,386 per class member for the FLSA class, $5 to $13,665 per class member for the New York class, and $23 to $8,245 per class member for the Florida class.

21.     The claims rate for the New York and Florida classes exceeded the 50 percent floor for both state law classes.  Florida class members claimed 58% of the available funds and New York class members claimed 53% of the available funds.

**Discovery and Mediation**

22.     Class counsel engaged in substantial discovery before deciding to explore settlement, including responding to written discovery requests served on the Plaintiffs and collective members, producing responsive documents, and reviewing thousands of pages of documents and emails from Defendant's witnesses.

23.     In advance of mediation, Defendant produced classwide personnel information, including dates of work, time logs, and compensation.

24.     Class counsel worked closely with an expert to analyze the data and develop a damages model.

25.     At the mediation, the parties reached agreement on the material terms of the settlement.  Over the next few weeks, the parties negotiated a detailed settlement agreement.

26.     The settlement is a substantial compromise of a fiercely disputed matter.  The settlement will provide significant benefits to each settlement class member who filed a claim and/or previously joined the case as a collective member.

27.     There are 372 collective members, of whom 85 are also putative class members in a related case, *Barragan v. Life Alert Emergency Response, Inc.*, No. BC556127, filed in Los Angeles County Superior Court on September 9, 2014.

**Attorney Time Spent on Settlement Negotiations and Litigation**

28. Class counsel spent approximately 3,024.25 attorney, paralegal, and support staff hours litigating and settling this case. Attached as **Exhibit C** is a summary of the time spent by each attorney, paralegal, and support staff member as of October 6, 2016.

29. These hours are reasonable for a case like this and were compiled from contemporaneous time records maintained by each attorney, paralegal, and support staff member participating in the case.

30. Class counsel made every effort to have the work performed by the attorney or paralegal with the lowest hourly rate who was able to effectively perform it.

31. Attached as **Exhibit D** are the contemporaneous time records.

32. Multiplying the hours by the hourly rate of each attorney, paralegal, and staff member results in a lodestar amount of $1,060,602.50.

33. Class counsel's efforts to date have been without compensation, and their entitlement to payment has been wholly contingent upon achieving a good result.

34. O&G ordinarily and regularly bills clients on an hourly fee basis, based upon each attorney's standard hourly rate. Currently, O&G's rates range from $550 to $1,100 per partner's hour, $600 to $850 per counsel's hour, $285 to $490 per associate's hour, $235 per law clerk's hour, and $220 to $275 per paralegal's hour. The firm's clients regularly accept and pay O&G's hourly rates.

35. Class counsel takes on difficult cases like this one because we believe that they help push the law in a direction favorable to employees. We do so despite the very real risk that the case could result in an expensive loss. For example, in *Pippins v. KPMG LLP*, No. 11 Civ. 377, 2012 WL 6968332 (S.D.N.Y. Nov. 30, 2012), a professional exemption case on behalf of

junior auditors on which O&G was counsel, we lost on summary judgment and lost on appeal after O&G spent $2,298,699.45 in lodestar.  In *Clarke v JPMorgan Chase Bank, N.A.*, No. 08 Civ. 2400, 2010 WL 1379778 (S.D.N.Y. Mar. 26, 2010), the court granted summary judgment against the plaintiffs, holding that IT workers were exempt under the computer professional exemption.  O&G, which was one of three co-counsel firms, spent $631.985.00 in lodestar and $15,428.39 in out of pocket expenses in that case alone.

36. O&G has also invested substantial resources in other risky cases that resulted in no recovery.  In *Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460 (2013), we lost at the New York Court of Appeals after investing $2,142,764.75 in lodestar and $70,925.40 in out of pocket expenses.  In *LaMarca v. The Great Atlantic & Pacific Tea Co.*, the defendant filed for bankruptcy after firm had invested $2,953,808.95 in lodestar.

37. As of March 14, 2016, O&G incurred approximately $34,141.96 in out-of-pocket costs and expenses in prosecuting this litigation.  These expenses include filing fees, process server fees, postage, travel expenses, printing, electronic research, messenger fees, a portion of the mediator's fees, and the fees of the expert who analyzed data and developed the damages model that Plaintiffs used at mediation.  A summary of itemized costs is attached as **Exhibit E**.

38. Class counsel's costs were incidental and necessary to the representation of the classes.

**Plaintiffs' Efforts on Behalf of the Settlement Classes**

39. Plaintiffs Margaret McGreevy, Gerald Jacoby, and Danielle Anderson ("Plaintiffs") made important contributions to the prosecution and fair resolution of this action on behalf of class members.

40. Plaintiff McGreevy initiated the lawsuit, provided class counsel with detailed factual information and documents regarding her duties and hours worked as a direct seller, and the duties and hours of other class members, and responded to Defendant's discovery requests. In addition, she helped to support Plaintiffs' Section 216(b) motion by reviewing and submitting a declaration.

41. Plaintiffs Jacoby and Anderson increased the value of the case by joining as class representatives for class members who worked in Florida. They responded to Defendant's discovery requests and assisted class counsel with their investigation of the facts.

42. Plaintiffs helped to prepare for the mediation and were available to class counsel during the litigation and negotiations.

43. Plaintiffs reviewed the settlement terms and provided feedback.

44. Although Plaintiffs no longer worked at Defendant, they nevertheless faced the risk that their current or future employers might retaliate against them for their involvement in this lawsuit.

**Additional Exhibits**

45. Attached as **Exhibit F** is a true and accurate copy of the resume of the mediator, David Rotman.

46. Attached as **Exhibit H** is a true and accurate copy of the declaration of Maia Goodell.

47. Attached as **Exhibit I** is a true and accurate copy of the declaration of Gus May.

48. Attached as **Exhibit J** is a true and correct copy of a transcript of a hearing, held on December 19, 2014, in the case captioned *Amador v. Morgan Stanley & Co., LLC*, No. 11 Civ. 4326 (S.D.N.Y.).

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 11th day of October 2016
New York, New York.

/s/ Melissa Stewart
Melissa L. Stewart
**Outten & Golden LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000