IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARGARET McGREEVY, GERALD J.
JACOBY, and ELAINE DANIELLE
ANDERSON, individually and on behalf of all
others similarly situated,

                            Plaintiffs,

            v.

LIFE ALERT EMERGENCY RESPONSE,
INC.,

                            Defendant.

No. 14 Civ. 7457 (LGS) (MHD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__12/02/2016__

PROPOSED ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

On October 27, 2016, the Court conducted a final fairness hearing in this action to
determine whether the proposed class settlement is fair, reasonable, and adequate, and to decide
class counsel's applications for an award of attorneys' fees and costs and service payments to the
class representatives.

The Court, having considered the parties' Settlement Agreement and all related papers
submitted by counsel, including the Memorandum of Law in Support of Joint Motion for Final
Approval of Settlement Agreement, the Memorandum of Law in Support of Plaintiffs' Motion
for Approval of Attorneys' Fees and Reimbursement of Expenses, the Memorandum of Law in
Support of Plaintiffs' Motion for Approval of Service Payments, the declarations submitted in
support of the motions, the oral arguments of counsel and all other papers filed and proceedings
had herein, and good cause appearing, now makes the following:

<u>FINDINGS OF FACT</u>

1.      Plaintiff Margaret McGreevy filed this action on September 15, 2014, as a collective and class action alleging that defendant Life Alert Emergency Response, Inc. had misclassified salespersons as independent contractors and failed to pay minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law.  She filed a First Amended Complaint in November 2014.

2.      On February 19, 2015, the Court granted Plaintiff's opposed motion for conditional certification of a FLSA collective consisting of all Life Alert salespeople whom it classified as independent contractors at any time between December 11, 2011, and the granting of the motion.  The form of notice was approved and notice was issued.

3.      Plaintiff filed a Second Amended Complaint in June 2015, adding two named plaintiffs, Gerald Jacoby and Elaine Anderson, and claims under Florida law.  Plaintiffs seek alleged unpaid minimum wages and overtime compensation and related penalties for themselves and other current and former salespersons (i.e. "direct sellers") who worked for Defendant at any time during the relevant limitations periods.

4.      The opt-in period concluded in August 2015.  Out of approximately 1,400 potential opt-in plaintiffs who received notice, 372 filed consent forms to join the FLSA action.

5.      In October 2015, the parties mediated this action and an overlapping state law lawsuit filed in Los Angeles Superior Court (*Barragan v. Life Alert Emergency Response, Inc.*, No. BC556127) with David Rotman, a mediator with extensive experience with wage and hour litigation.  At the mediation, the parties negotiated a final, global settlement, which covered both *McGreevy* and *Barragan*.

6.      The Settlement Agreement ("Agreement") defines three settlement classes as follows:  all current and former Life Alert salespersons who (1) worked in New York and were classified as independent contractors at any time from September 15, 2008, through March 31, 2016 ("New York class"); (2) worked in Florida and were classified as independent contractors at any time from September 15, 2009, through March 31, 2016 ("Florida class"); and (3) opted-in to the FLSA collective action ("FLSA class") no later than October 1, 2015, and within three years of their last date of working for Life Alert as a salesperson.

7.      In January 2016, Plaintiffs filed a motion for preliminary approval of the Agreement on behalf of the three classes.  The motion was heard on February 4, 2016, and the Court ordered additional materials including a copy of the settlement agreement in *Barragan*, a detailed explanation of the allocation formula among the three proposed classes and class members who belong to more than one class, argument as to the adequacy of representation of each of the classes, the resume of the mediator, information about the two proposed cy pres organizations, a spreadsheet showing the proposed disbursement of the settlement amount with various assumptions, a revised settlement agreement reflecting the Court's comments, a motion to approve the claims administrator and a timeline for the settlement.  These additional materials were filed on March 16, 2016.

8.      On March 31, 2016, the Agreement was preliminarily approved in this action; Plaintiffs McGreevy, Jacoby, and Anderson were appointed as class representatives ("class representatives" herein); and Outten & Golden LLP was appointed as class counsel ("class counsel" herein).

9.      As part of the Order Preliminarily Approving Settlement, the Court approved the sending of notice of the proposed settlement to class members, as well as establishing a website

with information concerning the settlement.  The notice explained that class members could file

objections to the settlement, opt-out of the settlement and/or file claims if they had not

previously opted into the federal claim.

      10.     The parties have filed a declaration from the approved settlement administrator,

Rust Consulting, Inc., describing the work performed by the settlement administrator in sending

notice to class members, and the results of the claims process set forth in the Agreement.

      11.     The best notice practicable was provided to the class members in accordance with

the Agreement and the Court's preliminary approval order.  The notice was accurate, objective,

informative, and provided class members with the information necessary to make an informed

decision regarding their participation in the settlement and its fairness, and therefore satisfies the

requirements for notice under applicable laws.

      12.     Class members who desired to be excluded from this action were provided an

opportunity to "opt out" pursuant to the notice.  No class members opted out of the Agreement.

Settlement class members are bound by the settlement and the Final Order and Judgment.  Class

members do not have a further opportunity to opt out of this action.

      13.     Class members who desired to object to any part of the Agreement, including its

terms, the requests for fees and expenses by class counsel and the proposed service awards to the

class representatives, were provided an opportunity to do so pursuant to the notice.  No

objections were filed during the filing period for objections.  Given the size of this settlement,

and the notice procedure utilized, the lack of any objections supports the fairness, reasonableness

and adequacy of the settlement, and accordingly, all members of the class are deemed to have

waived any such objection by appeal, collateral attack or otherwise.

14.     A final fairness hearing was conducted on October 27, 2016, after which the Court ordered that the parties submit additional information, including additional information including an updated spreadsheet in light of the actual number of class members.  The additional information was filed on November 14, 2016.

15.     Based on the terms of the Settlement Agreement and the related documents filed with the Court, and statements made by counsel during the October 27, 2016 hearing, the Agreement is a fair, reasonable, and adequate compromise of the claims against the defendant in this action pursuant to Federal Rule of Civil Procedure Rule 23 and 29 U.S.C. § 216(b).  Factors relevant to the approval of the Agreement include:  (i) the class and liability issues were contested prior to the settlement, (ii) the settlement provides relief to class members now, without further litigation, (iii) the settlement provides the members of the classes with substantial monetary benefits, and (iv) the settlement was negotiated by experienced counsel and resulted from arms-length negotiations.

16.     The Court has considered class counsel's request for attorney's fees and will address the application by separate order.

NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT, THE COURT HEREBY MAKES THE FOLLOWING CONCLUSIONS OF LAW:

17.     The Court has jurisdiction over the parties and subject matter of this proceeding.

18.     The following Rule 23 classes are certified for purposes of final settlement:  all current and former Life Alert salespersons who (1) worked in New York and were classified as independent contractors at any time from September 15, 2008 through March 31, 2016; or (2) worked in Florida and were classified as independent contractors at any time from September 15, 2009 through March 31, 2016.  Pursuant to 29 U.S.C. § 216(b), the following collective is

granted final certification for purposes of final settlement:  all current and former Life Alert salespersons who opted-in to the FLSA collective action no later than October 1, 2015 and within three years of their last date of working for Life Alert as a salespersons.

19.     For the purpose of this settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b) are satisfied, and a class action is an appropriate method for resolving the disputes in this litigation.

20.     Final approval of service payments in the amount of $5,000 for plaintiff McGreevy, and $3,000 each for plaintiffs Jacoby and Anderson are reasonable and equitable.

21.     The request for payment of the incurred and anticipated costs of the settlement administrator, Rust Consulting, Inc., in the amount of $30,000, is reasonable and is approved.

22.     The Court finds that final approval of the settlement as being fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure and the FLSA, is warranted, and that all New York and Florida class members who have made valid and timely claims pursuant to the Agreement, and all FLSA class members who did not opt-out of the settlement, are entitled to receive their share of the settlement fund, as provided in the Agreement.  No other claims will be allowed.

NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23(g) AND 54(d):

1.     The joint motion for final approval of the proposed settlement is GRANTED and all of the terms, conditions, and obligations set forth in the Agreement are incorporated herein by reference.

2.      The class representatives are entitled to and are hereby awarded payment in the amount of $5,000 for plaintiff McGreevy, and $3,000 each for plaintiffs Jacoby and Anderson, such amount to be paid by the settlement administrator, as set forth in the Agreement.

3.      The settlement administrator will distribute the settlement funds to the eligible class members in accordance with the terms of the Agreement.  Class counsel shall file an affidavit of the claims administrator reporting on the completion of the payment of claims, including the amount of settlement checks not presented for payment which are proposed to be paid to the two cy pres organizations, and shall seek authority to make such final payment.

4.      As no class members chose to opt-out, all members of the settlement classes will be bound by all of the terms, conditions, and obligations of the Agreement, and all of the determinations and judgments in this action.

5.      Neither the settlement, its terms, nor the negotiations connected with it, will be construed as an admission or concession by any party of the truth of any claim or allegation in the action or of any liability, fault, or wrongdoing of any kind.

6.      Class counsel shall seek dismissal of this action with prejudice after all settlement funds have been disbursed and after the adjudication of the application for attorneys' fees, and not within 10 business days after the settlement administrator receives the final settlement amount, as described in the Agreement.

7.      The Court will retain exclusive and continuing jurisdiction over this lawsuit, all parties, and the class members, to interpret and enforce the terms, conditions and obligations of the Agreement.

IT IS SO ORDERED.

Dated: December 2, 2016

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**